**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JAMES THOMAS WALKER,
        Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
        Agency.

DOCKET NUMBER
DC-0845-18-0786-I-1

DATE: June 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James Thomas Walker</u>, Upper Marlboro, Maryland, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which found that the Office of Personnel Management (OPM) proved that the appellant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

had received an overpayment in retirement benefits under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to set forth the correct regulatory authority for computing the appellant's annuity, we AFFIRM the initial decision.

## BACKGROUND

The appellant retired from the Federal service on June 30, 2017, and OPM initiated interim retirement payments for 9 months, paying the appellant $5,770 per month for 5 months from July to November 2017, and $5,816 per month for 4 months from December 2017 to March 2018, for a total payment of $52,114.[2] Initial Appeal File (IAF), Tab 5 at 8, 16, 21-22. By notice dated March 31, 2018, OPM notified the appellant that it had finalized his retirement annuity calculation and that his monthly annuity should have been $4,973 per month from July to November 2017, and $5,012 per month from December 2017 to March 2018,

---

[2] The purpose of interim payments is to initiate payments to a retiree as quickly as possible while retirement calculations are made. IAF, Tab 5 at 45. Such payments are generally lower than the amount due to the retiree, but here they exceeded the amount actually due. *Id.*

which resulted in an overpayment of $7,201. *Id.* at 12-15. OPM informed the appellant of its intent to collect the overpayment by deducting monthly installment payments from his annuity payments. *Id.* at 13. The appellant requested reconsideration and OPM affirmed its initial determination. *Id.* at 6-7.

The appellant timely appealed OPM's reconsideration decision to the Board and requested a hearing. IAF, Tab 1 at 2. During the proceedings below, the administrative judge denied the appellant's requested hearing as a sanction for the appellant's repeated failure to follow the administrative judge's orders.[3] IAF, Tab 23. Based on the written record, the administrative judge found that OPM established the existence and amount of the overpayment. IAF, Tab 25, Initial Decision (ID).

In his petition for review, the appellant asserts that OPM failed to meet its burden of proof because it did not respond to the administrative judge's December 14, 2018 order to submit evidence and/or argument. Petition for Review (PFR) File, Tab 1 at 2-3. He also argues that, like OPM, the administrative judge did not identify or apply the specific statutes and regulations that were used to determine his interim and final annuity payments. *Id.* at 3-4. He further argues that OPM and the administrative judge erroneously found that he qualified for 38.5 years of FERS service credit instead of 38.6 years. *Id.* at 5. Finally, the appellant argues that the administrative judge erred in stating that OPM is not required to show the reason for the discrepancy between the amount of the interim annuity payments and the final annuity payments. *Id.* OPM has

---

[3] Specifically, the administrative judge sanctioned the appellant because he failed to appear for the in-person status conference that the administrative judge had scheduled at the appellant's request, IAF, Tab 10, and failed to comply with an order to support his statement that he could not appear because his flat tire was being repaired, IAF, Tab 17. The appellant did not object to the denial of his hearing request below or in his petition for review.

responded to the petition, and the appellant has replied to the response.[4]  PFR File, Tabs 7, 8.

## ANALYSIS

<u>The administrative judge correctly determined that OPM established the existence and amount of the overpayment.</u>

OPM bears the burden of proving by preponderant evidence the existence and amount of an annuity overpayment.  *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); 5 C.F.R. § 845.307(a); 5 C.F.R. § 1201.56(b)(ii).  As discussed below, the administrative judge correctly found that OPM met its burden.[5]

There is no dispute that the appellant is entitled to a FERS annuity as he meets the requirements set forth in 5 U.S.C. § 8412.  The issue here is the calculation of his annuity and whether and how much OPM overpaid him.

Contrary to the appellant's assertion, the administrative judge identified the correct statute used to calculate the appellant's annuity under FERS, 5 U.S.C. § 8415.  ID at 5.  That statute provides, among other things, that the annuity of an individual who retires after becoming 62 years of age and completing at least 20 years of service is 1.1% of the individual's average pay multiplied by the individual's total service.  5 U.S.C. § 8415(a), (i).  "Average pay" means the largest annual rate resulting from averaging an employee's pay in effect over any three consecutive years of service, 5 U.S.C. § 8401(3), and total service of an

---

[4] After filing his petition for review, the appellant filed a motion to file an additional pleading.  PFR File, Tab 4 at 4.  In the motion, the appellant complains that OPM withheld money from his May 2018 annuity payment despite the fact that he filed a petition for review contesting the initial decision.  *Id.*  Any error by the agency in withholding funds from the appellant's annuity prematurely is rendered moot by this decision finding that OPM established the existence and amount of the overpayment.

[5] The appellant's argument that OPM failed to meet its burden of proof because it did not respond to the administrative judge's December 14, 2018 order to submit evidence and/or argument is unavailing.  PFR File, Tab 1 at 2-3.  The evidence and argument submitted by OPM in its September 21, 2018 submission of its agency file is sufficient to meet its burden of proof.  IAF, Tab 5.

employee includes the days of unused sick leave to his credit under a formal leave system, 5 U.S.C. § 8415(m)(2).

Consistent with 5 U.S.C. § 8415, OPM has shown that the appellant's annuity was properly calculated by multiplying his average pay by 1.1% and multiplying the result by the appellant's total years of service. IAF, Tab 5 at 9. OPM's records show that it calculated the appellant's average salary by adding his total salary for the 3-year period from July 1, 2014, to July 1, 2017, which was $422,791.95, and dividing that sum by three. *Id.* at 17. The result of that computation, rounded to the nearest dollar, is an average pay of $140,931. *Id.* There is no dispute about the appellant's average pay.

OPM calculated the appellant's total service as 38 years and 6 months. *Id.* at 9, 19-20. Specifically, based on the appellant's employment history, OPM determined that the appellant had 38 years, 1 month, and 5 days of civilian and military service and 5 months and 22 days of unused sick leave, which were added to the appellant's actual service. *Id.* at 19, 42. Thus, the appellant's total service was 38 years, 6 months, and 27 days. OPM's policy is to eliminate the fractional part of a month in calculating total service for annuity computation purposes. Office of Personnel Management, Civil Service Retirement System and Federal Employees Retirement System Handbook, § 20A2.3-1F. Therefore, OPM properly determined that the appellant's total service is 38 years and 6 months, or 38.5 years of service.[6]

In sum, OPM properly calculated the appellant's annuity at the time of his retirement by multiplying his average pay of $140,931 by 1.1% and multiplying the result by his 38.5 years of service ($140,931 x 1.1% x 38.5 years of service =

---

[6] In his petition for review, the appellant argues that the administrative judge erroneously agreed with OPM that he had 38.5 years of service. PFR File, Tab 1 at 5. The appellant offers no explanation for his assertion. *Id.* To the extent that he is equating 6 months of service with 0.6 years of service, his assertion is erroneous as OPM calculates annuities based on years and fractions of years of service and not months of service.

$59,684).[7]   IAF, Tab 5 at 19.   The appellant's annuity of $59,684 yielded a monthly benefit of $4,973 at the time of the appellant's retirement.  Based on the Cost of Living Adjustment of .08%, the appellant's monthly benefit increased to $5,012 effective December 1, 2017.  *Id.*

As previously stated, OPM submitted evidence showing that it made gross monthly interim payments of $5,770 for 5 months and payments of $5,816 for 4 months for a total of $52,114.  *Id.* at 8, 15-16, 21-22.  As noted above, during the 9-month time period that he received interim payments, the appellant should have been paid $4,973 for 5 months and $5,012 for 4 months for a total of $44,913.  *Id.* at 19.  The difference between the interim payments to the appellant and the correctly calculated payments resulted in an overpayment of $7,201.  Thus, the administrative judge properly found that OPM established the existence and amount of the overpayment.

Addressing the appellant's assertion below that OPM was obligated to show why the appellant's initial interim payment was computed incorrectly, the administrative judge found that the appellant's contentions were not relevant to the material issue in this case.  ID at 6.  The administrative judge found that OPM is not obligated to explain or show the reason for any discrepancy between the interim and actual annuity payments underlying its collection action.  *Id.*  Instead, OPM must simply prove the existence and amount of the overpayment.  *Id.*  We agree.  What matters in this appeal is the existence and amount of the overpayment, which is determined by computing the correct amount of the appellant's annuity and subtracting that amount from the interim payments

---

[7] The administrative judge stated that OPM's calculation sheet demonstrated that the appellant's annuity was generated by multiplying his total years of service credit by his high-3 average salary by 1.1.  ID at 5.  The administrative judge improperly omitted a percentage sign from the statement.  As the administrative judge reached the correct final dollar amount, his error did not prejudice the appellant's substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

received by the appellant. How or why the interim payments were incorrectly calculated is not relevant.

The administrative judge erred in his citation to the regulatory authority regarding the calculation of the appellant's annuity.

Although the administrative judge cited the correct statute regarding the computation of the appellant's annuity, he cited the incorrect regulatory authority. Accordingly, we modify the initial decision. Specifically, the administrative judge cited 5 C.F.R. § 846.304(d) as the regulatory provision that supports OPM's calculation of the appellant's annuity. ID at 5. However, section 846.304(d) is in the subpart of the regulations addressing the effect of an election to become subject to FERS and specifically addresses the computation of a FERS annuity for individuals with Civil Service Retirement System coverage. OPM determined the appellant's retirement benefits under FERS and the appellant has not argued that he is not covered by FERS. IAF, Tab 1 at 4, Tab 5 at 6-7, 19. Thus, we find that this provision is not applicable to the appellant.

The applicable regulation, which addresses the computation of an annuity under FERS, is 5 C.F.R. § 842.403. This regulation tracks the statutory language for determining a FERS annuity discussed above. Because he cited and applied the correct statute, the administrative judge's reference to the incorrect regulation did not affect the calculation of the appellant's proper annuity and the overpayment. Thus, the error did not prejudice the appellant's substantive rights and is not a basis to reverse the initial decision. *Panter*, 22 M.S.P.R. 281, 282.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            _____

                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.